UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 23 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

ABDUL MASOUD FAIZYAR,

Petitioner,

v. 26-CV-2193 (JLS)

WARDEN OF BFDF,

Respondent.

**ORDER**

Respondent concedes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) under Second Circuit caselaw. *See Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); Dkt. 7. As a result, the immigration court has jurisdiction over a bond hearing, pursuant to *Da Cunha*. In addition, based on the particular facts and circumstances at issue here, Petitioner is entitled to a bond hearing at which Respondent bears the burden to justify continued detention by clear and convincing evidence under *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020). Accordingly, Respondent is ordered to provide Petitioner with a bond hearing by no later than **November 6, 2026**.

Furthermore, Petitioner's arguments regarding the warrantless arrest are without merit for the reasons stated in Respondent's response. Dkt. 7. *See also Palma v. Powell*, 828 F. Supp. 3d 1297, 1308 (N.D. Ala. 2026) ("[T]he Constitution does not prohibit arrests made in violation of statute" (citing *Virginia v. Moore*, 553

U.S. 164, 176-78 (2008)). *See also id.* (explaining that, the "Fourth Amendment permits warrantless arrests where the arresting officer possesses probable cause" and that, even if the petitioner's arrest was warrantless, it "may still have been constitutional if the arresting officers had probable cause to believe that he committed a crime in their presence or had committed a felony"). *See also id.* ("Regardless, habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody . . . If lawful grounds for detention exist, [the petitioner] is not entitled to release even if there were flaws in his original arrest") (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)). *Cf. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) ("The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.") (citations omitted).[1]

IT IS HEREBY ORDERED, that Respondent shall provide Petitioner with a bond hearing under the relevant regulations by no later than **November 6, 2026**, at which Respondent bears the burden to justify continued detention by clear and convincing evidence; and it is further

---

[1] *See also Rajah v. Mukasey*, 544 F.3d 427, 447 (2d Cir. 2008) (noting that "litigating the conduct surrounding an arrest would impose an intolerable administrative burden on the immigration enforcement system. Given that officers may arrest several aliens per day, they 'cannot be expected to compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest.'") (quoting *Lopez-Mendoza*, 468 U.S. at 1049).

ORDERED, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 23, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE